No. 6759.

ALFRED MARCHAND VS. WARNER VAN NORDEN ET AL.

This is a case of fraudulent *dation en paiement* set aside by the Revocatory action, in which the plaintiff obtains judgment, decreeing that he should be paid out of the property thus unlawfully transferred, by preference over the other creditors of the fraudulent debtor, in consequence, (it seems), of his having had the transfer annulled by his suit.

APPEAL from the Fifth District Court for the parish of Orleans. *Rogers*, J.

*W. S. Benedict* for Plaintiff and Appellee.

*Lacey & Butler* for Defendants and Appellants.

The opinion of the Court was delivered by

LEVY, J. The plaintiff, Alfred Marchand, a judgment creditor of the Mississippi and Mexican Gulf Ship Canal and Drainage Company for the sum of $5187 60, with eight per cent per annum interest thereon from 9th of January, 1872, and costs of suit, issued execution on his said judgment, which was returned *nulla bona*. Said judgment was recovered

on the 15th of April, 1872. He avers in his petition herein, that said company, in order to cover fraudulently its property from its creditors, or to give an unfair preference to one of them, did fraudulently make a transfer thereof to one Warner Van Norden, defendant herein; and on the 22d of November, 1872, by public act before A. Hero, Jr., notary public, fraudulently sold and conveyed to said Van Norden certain dredge-boats, flat-boats, mules, wagons, horses, steam-tug, machinery, tools, fixtures, etc., etc., therein enumerated, for the pretended consideration ot $50,000, placed as·a credit on a pretended indebtedness of $161,962 86 of said company to said Van Norden; that said company at said date was, to the knowledge of Van Norden, heavily in debt, and he advised said sale and transfer to himself with the view and intent of assisting said company to evade the law and shield said property from the pursuit of his creditors and to obtain a fraudulent preference, as a creditor, for such sum, if any, as was due to him, said Van Norden, being impecunious and without capital or credit in any such sum. He further avers that, on the *3d of May, 1873,* with the same intent and object of fraudulently securing a preference, and to further said object, said Van Norden did, by public act passed before A. Hero, notary public, make a simulated pledge of said before-described property to the firm of E. C. Palmer & Co., to which firm he, said Van Norden, pretended to be indebted for advances made, but who, in truth and fact, were interested with said Van Norden in said transactions, and were acting in his name therein, said transfer embracing the entire property of said company, all which facts were well known to said Palmer & Co. and Van Norden. He avers that said property is liable to execution on the judgment of petitioner. He prays that said sales and transfers be set aside and said property be decreed to be the property of said company and subject to the payment of its debts, and specially of the judgment of plaintiff over the claims of all other creditors.

The defendants filed an answer of general denial and the plea of prescription of one year.

There was judgment decreeing "that the sales and transfers to Warner Van Norden, as set forth in plaintiff's petition, be set aside; that the property described in the act passed before Andrew Hero, Jr., on the 22d November, 1872, be decreed to be the property of the Mississippi and Mexican Gulf Canal Company and subject to the payment of its debts, and especially of the judgment of plaintiff, with all interest and costs, in suit No. 9333 of the late Seventh District Court for the parish of Orleans, and now suit No. 38,172 of the Fourth District Court for said parish, (viz: the sum of five thousand one hundred and eighty-seven dollars and sixty cents with eight per cent interest per annum thereon from January 9th, 1872, until paid, with clerk's and sheriff's

costs), over the claims of all other creditors." .It was further decreed " that whatever rights E. C. Palmer & Co. may have in this matter they can assert at the proper time, and the rights of plaintiff are reserved to contest, in such proceedings as the law may permit, the claims of said E. C. Palmer & Co. upon the property which is alleged to have been pledged to them;" and further, " that the defendant, Van Norden, pay all costs of suit." From this judgment all the defendants took a suspensive appeal.

In plaintiff's brief we find this statement: " Plaintiff has filed an answer to the appeal praying absolute judgment against both defendants." The transcript and record exhibit no such answer, while the certificate of the clerk of this Court, appended to the transcript, sets forth that " no answer to the appeal or application for the amendment of the judgment appealed from has ever been filed in the above entitled cause." Hence, no amendment of the judgment in favor of the plaintiff will be considered by us.

The judgment of the lower court was based upon the reasons contained in the opinion of the judge *a quo*, and seem to us to be well sustained by the facts as shown in the record and the application of the law thereto. The testimony goes to show that, at the time the transfer of 22d November, 1872, was made the company was insolvent, and this fact was within the knowledge of Van Norden. Van Norden's intimate connection with the affairs of the company, his actual control of its operations, were of such a nature that it seems to us next to an impossibility that he could have been ignorant of its affairs, its liabilities, its pecuniary embarrassments and its actual insolvency. As well stated by the District Judge: " At the time of the last act of sale, whereby he acquired title to the drainage boats, mules, tools, etc., it must be remembered that, in May prior, he had obtained upon a *promise* to advance money, the subrogation to all the rights and franchises of the company; and from the testimony of Mr. Moody, in the record, it appears that the canal itself, which he at one time 'estimated to be worth $1,000,000 is now valueless'; 'that the company has no assets or property, and that its stock has no value.' " We do not think the transaction as to the sale and transfer of the property was marked with good faith, but on the contrary, are satisfied that it was intended to give an undue preference to Van Norden over other creditors of the company. Besides, we concur with the judge *a quo* in the opinion, that the transfer was, to all intents and purposes, intended as a *dation en paiement*, and, as such, was given to secure an unjust preference over creditors, and should, therefore, be annulled. C. C. 2655 to 2659; 1 Martin, 240; 4 N. S. 651; 13 An. 353.

The judgment appealed from is affirmed with costs.